UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22298-CIV-UNGARO-BENAGES

MELVYN H. MILLER,

    Plaintiff,

v.

HOULIHAN LOKEY HOWARD &
ZUKIN CAPITAL, INC.,

    Defendant.
_____/

*-consolidated with-*

CASE NO. 05-23294-CIV-UNGARO-BENAGES

HOULIHAN LOKEY HOWARD &
ZUKIN CAPITAL, INC.,

    Plaintiff,

v.

THE PROTECTIVE GROUP, INC.,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND FOR LEAVE TO AMEND**

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration and for Leave to Amend in Case No. 05-22298-CIV.  *See* DE 50[1] (citing Fed. R. Civ. P. 59, 15).  The Court has considered the Motion and is otherwise fully advised in the premises.

---

[1] Docket entries cited herein refer to Case No. 05-22298-CIV.

1

Plaintiff requests that the Court reconsider the Order Granting Defendant's Motion to Dismiss (DE 46, "Order") based on Plaintiff's further elaboration of the facts and legal theories giving rise to his claims. *See* DE 50 at 1-18. In the alternative, Plaintiff requests leave to amend the Complaint. *Id*. at 18.

**a. <u>Standing</u>**

Plaintiff maintains that his claims for negligence and breach of fiduciary duty are exceptions to the general principle that "[o]rdinarily, a shareholder cannot sue for wrongs done to a corporation, because the corporation is a separate entity: the shareholder's interest is viewed as too removed to meet the standing requirements. Even a shareholder who owns all or most of the stock, but who suffers damages only indirectly as a shareholder, cannot sue as an individual." DE 50 at 10-11 (citing *Sabey v. Howard Johnson & Co.*, 5 P. 3d 730, 735 (Wash. Ct. App. 2000)). In support of his position, Plaintiff cites *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A. 2d 1031 (Del. 2004), which summed Delaware's approach to distinguish direct actions from derivative actions as follows:

> [A] court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation.

*Id*. at 1039.

In this case, the injury Plaintiff alleges is not independent of the corporation. As noted in the Order, Plaintiff's claim arises from the alleged sale of Protective's shares at less than market value. *See e.g.* DE 1 at para. 21, 26 (alleging that as a result of Defendant's negligence and breach of fiduciary duty, Plaintiff "has been damaged in an amount equal to at least [$22,

2

000,000.00], the difference between the price Plaintiff received for the shares of Protective and what he should have received had Defendant properly performed."). In this regard, the Court found instructive *Citibank, N.A. v. Data Lease Financial Corp.*, 828 F.2d 686 (11th Cir. 1987), which states:

> A shareholder may not bring a derivative action once he parts with his shares. As a general rule, the shareholder also does not have a direct cause of action:
>
> [W]e have specifically ruled that a stockholder cannot recover for a personal loss by asserting and proving that the defendants' wrongdoing has caused him to sell his corporate stock at a depressed value, for **by the very act of selling at a lower price he has established that the direct damage was to corporate worth. The loss in his stock's sale price is a real economic harm to him, but is both indirect to and duplicative of the corporation's right of action**.

*Id*. at 693 n. 9 (quoting *Mendenhall v. Fleming Co.*, 504 F.2d 879, 881 (5th. Cir. 1974) (internal citation omitted) (emphasis added).[2] Considering Plaintiff's alleged damages in light of the foregoing language, the Court finds the authorities Plaintiff cites unpersuasive.

Specifically, Plaintiff cites *Sabey*, 5 P. 3d 730; *W. Clay Jackson Enterprises, Inc.*, 463 F. Supp. 666; *Tooley*, 845 A. 2d 1031; *Maiz v. Virani*, 253 F.3d 641 (11th. Cir. 2001); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgt., LLC*, 376 F. Supp. 2d 385 (S.D.N.Y. 2005); and, *Hodges v. Buzzeo*, 193 F. Supp. 2d 1279 (M.D. Fla. 2002). *See* DE 50 at 10-15. However, these opinions are useful in that they state general principles of law, but Plaintiff's claims are not analogous to the allegations the opinions examine.

Plaintiff also quotes the following passage from *Coronado Development Corp. v. Millikin*, 22 N.Y.S. 2d 670 (N.Y. Sup. 1940):

---

[2] In *Citibank*, the Court allowed a claim brought by a shareholder in its distinct capacity as stock pledgor. *Id*. at 692-694 (discussing *Empire Life Ins. Co. of America v. Valdak Corp.*, 468 F.2d 330 (5th. Cir. 1972)).

> Where an apparent depreciation in value has caused a stockholder to part with his shares for less than their real value, so that he no longer could force the corporation to sue or maintain a suit in its behalf and share in a recovery had by it, the stockholder may maintain an individual suit in his own behalf for the damages he has sustained even though the apparent depreciation has been caused by a wrongful withholding or taking or dissipation of property which in reality belonged to the corporation.  In such cases the wrongful appearance of depreciation has ripened into another wrong which clearly affects the individual stockholder in a manner different from its effect upon the stockholders generally, viz., *fraud or deceit or coercion inducing a sale*.

*Id*. at 674-75 (internal citations omitted) (emphasis added).

In light of the foregoing language, Plaintiff submits that "[f]ormer shareholders of corporations have been permitted to maintain claims, directly, for losses suffered by them as a consequence of a third party's negligence or breach." *See* DE 50 at 15.  However, *Coronado* noted that the wrongdoing it contemplated had "ripened into another wrong"–*i.e.* fraud, deceit or coercion inducing a sale–which affected the former stockholder in a manner different from stockholders in general.  *Id*.[3]  In this case, however, the Court has determined that Plaintiff's alleged damage–*i.e.* the difference between the price Plaintiff received for the shares of Protective and what he should have received had Defendant properly performed–is dependent on a direct damage to the corporation's worth as reflected in the depressed value of its shares in general.  Therefore, Plaintiff may not maintain his alleged causes of action as an individual.  *See Alario v. Miller*, 354 So. 2d 925, 926-27 (Fla. 2d Dist. Ct. App. 1978) (stating that "[i]f the damages are only indirectly sustained by the stockholder as a result of injury to the corporation,

---

[3] This proposition is not inconsistent with Florida case law, which provides that "a stockholder may bring a suit in his own right to redress an injury sustained *directly by him*, *and which is separate and distinct from that sustained by other stockholders*.  If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation." *Citizens National Bank of St. Petersburg v. Peters,* 175 So. 2d 54, 56 (Fla. 2d Dist. Ct. App. 1965) (emphasis added); *also Hantz v. Belyew*, No. 06-12459, 2006 WL 2613447, at *2 (11th. Cir. Sept. 12, 2006).

the stockholder does not have a cause of action as an individual.").

### b. Breach of Contract

As noted in the Order, under New York law a contractual provision that expressly negates the intent to permit enforcement by third-party beneficiaries is controlling. *See* DE 46 at 3. The contract between Protective and Defendant contained such a provision. Therefore, Plaintiff's claim for breach of contract as a third-party beneficiary was dismissed. *Id*. at 4.

Plaintiff now argues that the Court did not consider contractual language that supports his assertion of third-party beneficiary rights. *See* DE 50 at 16-18. The pertinent contractual language provides that:

> Nothing in this Agreement, express or implied, however, is intended to confer or does confer on any person or entity, other than the parties hereto and their respective successors and permitted assigns and, **to the extent expressly set forth in Schedule A attached hereto**, the Indemnified Parties, any rights or remedies under or by reason of this Agreement or as a result of the services to be rendered by [Defendant] hereunder. . . . This Agreement incorporates the entire understanding of the parties regarding the subject matter hereof, and supersedes all previous agreements or understandings regarding the same, whether written or oral.

DE 10, Ex. at para. 8 (emphasis added). Plaintiff argues that the language emphasized in bold type above, along with Schedule A,[4] reflect the parties' intent to create rights in favor of Plaintiff. *See* DE 50 at 17-18.

---

[4] Schedule A provides in relevant part that:

[Protective] further agrees that neither [Defendant] nor any other Indemnified Party shall have any liability, regardless of the legal theory advanced, to [Protective] or any other person or entity (including [Protective]'s equity holders and creditors) related to or arising out of [Defendant's] engagement, except for any liability for losses, claims, damages, liabilities or expenses incurred by [Protective] which are finally judicially determined to have resulted primarily from the willful misconduct or gross negligence of any Indemnified Party.

DE 10, Ex., Schedule A.

Plaintiff fails to acknowledge that the bold language he cites refers solely to the phrase it precedes, "the Indemnified Parties". When read as a whole, the clause merely takes into account that the language foreclosing third party rights is inapplicable to potential rights asserted by the "Indemnified Parties" pursuant to Schedule A. Because Plaintiff is not an "Indemnified Party,"[5] he cannot assert third party rights pursuant to that contractual provision. Therefore, Plaintiff's argument is without merit.

### c. Leave to Amend

Finally, the Court notes that Plaintiff does no more than re-litigate old issues and raise arguments that could have been raised prior to the entry of the Order. Therefore, relief pursuant to Fed. R. Civ. P. 59(e) is unavailable. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Similarly, Plaintiff's request for leave to amend the Complaint after it was dismissed and the case was closed is belated. Therefore, leave to amend must be denied. *See Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1555-56 (11th Cir. 1984) (providing that "after a complaint is dismissed the right to amend under [Fed. R. Civ. P. 15(a)] terminates" and that a motion for leave to amend is inappropriate where "the court has clearly indicated . . . that dismissal of the complaint also constitutes dismissal of the action."); *also Montford v. Moreno*, No. 04-12909, 2005 WL 1369563, at *8-9 (11th Cir. June 9, 2005) (finding clear indication that a post-dismissal amendment was not possible where the lower court had ordered the case closed).[6] Accordingly,

---

[5] Defendant, its affiliates, directors, officers, shareholders, employees, agents and controlling persons, are collectively referred to as the "Indemnified Parties" in Schedule A. *See* DE 10, Ex., Schedule A.

[6] The Court also notes that Plaintiff had ample opportunity to amend the Complaint after being apprised of Defendant's arguments in October 2005. *See* DE 10. The Order of Dismissal (DE 46) was issued on June 7, 2006. And, even after being directed to S.D. Fla. L.R. 15.1 (*see* DE 56 at 13), Plaintiff did not submit a proposed amended

it is

      ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration and for Leave to Amend in Case No. 05-22298-CIV (DE 50) is DENIED.  It is further,

      ORDERED AND ADJUDGED that Plaintiff's Motions for Oral Argument (DE 49) and to Re-open Case (DE 51) are DENIED as moot.

      DONE AND ORDERED in Chambers at Miami, Florida, this 23d day of October, 2006.

                                                  */s/ Ursula Ungaro-Benages*
                                        URSULA UNGARO-BENAGES
                                        UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

---

complaint for the Court's review.